**FILED**

NOV 0 8 2004

ARLEN B. COYLE, CLERK
BY _____
                   Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

PERCY WHITFIELD, ET AL                                      **PLAINTIFFS**

VS.                                          **LEAD CASE NO. 1:03CV287DA**

KERR-MCGEE CORPORATION, ET AL                               **DEFENDANTS**

### CONSOLIDATED WITH

CHARLENE BUCKNER, ET AL                                     **PLAINTIFFS**

VS.                                          **LEAD CASE NO. 1:03CV332DA**

KERR-MCGEE CORPORATION, ET AL                               **DEFENDANTS**

### CONSOLIDATED WITH

TIFFANY HUNTER, DIANE HUNTER,
JAMES M. ADAMS, KENYADA ADAMS,
LINDA ADAMS, WANDA B. ANTHONY,
CHRISTOPHER BALDWIN, JOSEPHINE BEARD,
ANNIE RUTH BELL, BRUCE D. BOLTON,
ALLEN GLEN BROOKS, DOROTHY J. CAINE,
TINA CHANDLER, DANNY R. CHANDLER,
FRANCINE CHANDLER, MARY WILL CHANDLER,
RAY C. CHANDLER, PEARLIE M. CHISM,
JAMES H. CORDER, JOHN J. CORDER,
MARY L. CORDER, CHARLIE D. DAVIS,
JESSICA DAVIS, KARON J. DAVIS,
CHRISTINE G. DUCK, JUSTIN DAWSON,
KEGDRA GRAY, ANNIE C. FRAZIER,
FERNANDEIS A. FRAZIER, LANELL FULTON,
JOYCE FULTON, LASHONDA FULTON,
ROGDRICK D. GIBBS, TREY GIBBS,
BRANDON GIBBS, KEDRA GIBBS,
KADEESHIA GIBBS, JOE LEE GLENN, JR.,
DONALD RAY GORE, TONDRA A. GORE,
RAMONA F. GREEN, LILLIE A. GREEN,
CHRISTINE HALEY, MCARTHUR HALEY,
EMMA JEAN HARRIS, LAQUANDA HARRISTON,
YVONNE HENDERSON, LAVONDA HILL
EMMA JANE HILL, JAMES E. HOLLIS,

KELVIN AUDRA JACKSON, GWENDOLYN T. JOHNSON,
SHERRY JONES, KEVIN VINCENT JONES,
JACQULYNE JONES, CHARLES JONES,
BRIAN C. JORDAN, VIRGINIA H. KYLE,
WILLIE J. LENARD, JULIA ANN LOFTON,
WILLIE D. LONTON, KIMBERLY K. LOPER,
SHAMRIO LOVELACE, VURSHA LOVELACE,
LASAUDIA LOVELACE, VURLANDRIA LOVELACE,
MARY MILLS, MONIQUE MONTGOMERY,
ANNA MARIE MOORE, WADE MORRIS,
TONY C. MUNSON, HERMAN E. NASH,
LAURA JEAN NASH, CLEVELAND O'NEAL,
RENA PENNINTON, ALBERT D. PEOPLES,
KATHERINE PIPPIN, ASHLEY PORTER,
ALEXIS PORTER, JENNIFER PORTER,
TYRONE PORTER, MICHAEL J. PRATT,
JOSEPH C. PRATT, ROBERT C. PRATT, JR.
ALDEN PROWELL, CAMPRANELLA PROWELL,
BRENDA A. QUINN, MARY ANN REESE,
JUDITH KAY RUDDER, SANDRA B. RUTHERFORD,
JERRY L. SALTER, TRACY SHELTON,
ANDRA SHELTON, CREAMSTER SHELTON,
EPHRIS SHELTON, HENRY L. SHELTON,
REBERTHA SHELTON, VAN T. SHELTON,
PERLINCA SHERROD, DEREK D. SHERROD,
BRIELLE SHORT, GLENDA T. SMITH,
FELECIA SPANN, OMETA SPRUILL,
DENNIS LEWIS STALLINGS, FREDDIE EARL STALLINGS,
LINDA STEWART, RUTEL L. TATE,
HATTIE TEMPLE, VALRIE HILL VANCE,
CHARLIE VANCE, BRIDGETT R. WEST,
GEORGE M. WICKS, SHERRIE WILLIAMS,
RACHEL WILLIAMS AND LINDA C. WILSON                    **PLAINTIFFS**

**V.**          **(TO BE FILED IN THIS CASE)**     **CIVIL ACTION NO: 1:04CV271-DA**

**KERR-MCGEE CORPORATION and**                        **DEFENDANTS**
**KERR-MCGEE CHEMICAL, LLC**

## ANSWER OF DEFENDANT KERR-MCGEE CORPORATION

Kerr-McGee Corporation, one of the defendants in the above cause, answers the Complaint of Tiffany Hunter, et al. (CA No. 1:04CV271DA) as follows:

### FIRST DEFENSE

For answer to the numbered paragraphs in the Complaint, Kerr-McGee Corporation responds as follows:

### I. PLAINTIFFS

1.    Kerr-McGee Corporation is without sufficient knowledge or information to form a belief as to the averments of paragraphs 1-114 of the Complaint and therefore denies them.

### II. PLAINTIFFS' INJURIES

Kerr-McGee Corporation is without sufficient knowledge or information to form a belief as to plaintiffs' allegations that they have lived in the neighborhood near Kerr-McGee Chemical LLC's Columbus, Mississippi facility and therefore denies them.    The remaining allegations of the unnumbered paragraph are denied.

### III. DEFENDANTS

115.    Kerr-McGee Corporation admits that it was incorporated under the laws of the State of Delaware and that its principal place of business is in Oklahoma City, Oklahoma.    The remaining allegations of paragraph 115 are denied.

116.    The allegations of paragraph 116 are not directed at this defendant and require no response.

3

## IV. JURISDICTION AND VENUE

117.    Paragraph 117 of the Complaint is denied.

118.    Kerr-McGee Corporation admits that this Court has subject matter jurisdiction and that Kerr-McGee Corporation is a Delaware corporation principally located in Oklahoma City, Oklahoma. Kerr-McGee Corporation is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 118 and/or denies them.

119.    Paragraph 119 of the Complaint is denied.

120.    Kerr-McGee Corporation denies the factual allegations of wrongdoing but does not contest venue.

## V. BACKGROUND

121.    Kerr-McGee Corporation admits that Kerr-McGee Chemical LLC owns a wood-treating facility in Columbus, Mississippi and that the Columbus plant is one of the facilities in Kerr-McGee Chemical LLC's Forest Products Division. Kerr-McGee Corporation admits that the Columbus, Mississippi wood-treating plant has been in operation since 1928. Kerr-McGee Corporation admits that T.J. Moss Tie Company was incorporated in Missouri on September 12, 1893; that on July 1, 1963, T.J. Moss Tie Company merged into Kermac Tie Company, a Delaware corporation, and simultaneously the surviving corporation, Kermac Tie Company, a Delaware corporation, changed its name to T.J. Moss Tie Company, a Delaware corporation; that on September 30, 1964, Kerr-McGee Oil Industries, Inc. acquired all of the issued and outstanding stock of American Creosoting Corporation, a Delaware corporation, from Union Bag Camp Paper Corporation, a Virginia corporation; that on April 1, 1965, T.J. Moss Tie Company, a Delaware corporation, merged into American Creosoting Corporation, a Delaware corporation, and

4

simultaneously the surviving corporation, American Creosoting Corporation, a Delaware corporation, changed its name to Moss American, Inc., a Delaware corporation; that on November 1, 1965, Kerr-McGee Oil Industries, Inc., changed its name to Kerr-McGee Corporation; that on September 1, 1974, Moss-American, Inc., merged into Kerr-McGee Chemical Corporation; and that on January 1, 1998, Kerr-McGee Chemical Corporation merged into Kerr-McGee Chemical LLC. Kerr-McGee Corporation admits that Kerr-McGee Chemical LLC is a wholly owned indirect subsidiary of Kerr-McGee Corporation. The remaining allegations of paragraph 121 are either not directed at this defendant and require no response or are denied. In addition, Kerr-McGee Corporation denies any allegation that Kerr-McGee Corporation owns the Columbus facility, and Kerr-McGee Corporation states that the collective references throughout the Complaint to Kerr-McGee Chemical LLC and Kerr-McGee Corporation as "Kerr-McGee" improperly disregard the distinctions between those separate business entities.

122.    Kerr-McGee Corporation admits that Kerr-McGee Chemical LLC is a wholly owned indirect subsidiary of Kerr-McGee Corporation, that Kerr-McGee Corporation has other wholly-owned direct and indirect subsidiaries and that some individuals hold positions with Kerr-McGee Corporation and one or more of its subsidiaries. The remaining allegations of paragraph 122 are denied.

123.    The allegations of paragraph 123 are denied.

## VI.  FACTS

### A.  Surface Water and Groundwater

124.    Kerr-McGee Corporation admits that the Columbus, Mississippi wood-treating plant has been in operation since 1928. The remaining allegations of paragraph 124 are denied.

125.    Paragraph 125 of the Complaint is denied.

126.    Paragraph 126 of the Complaint is denied.

### B. Air Emissions

127.    Paragraph 127 of the Complaint is denied.

128.    Paragraph 128 of the Complaint is denied.

### VII.  HISTORY OF OPERATIONS AND WASTE DISPOSAL PRACTICES

129.    Paragraph 129 of the Complaint is denied.

130.    Kerr-McGee Corporation admits that a fire took place at the facility in 1974.  The remaining allegations of paragraph 130 are denied.

131.    Kerr-McGee Corporation admits that wood-treating substances were shipped to the Columbus facility by rail.  The remaining allegations of paragraph 131 are denied.

132.    Paragraph 132 of the Complaint is denied.

133.    Paragraph 133 of the Complaint is denied.

134.    Paragraph 134 of the Complaint is denied.

### VIII.  CRITICAL YEARS

135.    Kerr-McGee Corporation admits that G. D. Lowe is a former employee of Kerr-McGee Chemical LLC.  The remaining allegations of paragraph 135 are denied.

### IX.  LATE 1980'S AND 1990'S TO PRESENT

136    Paragraph 136 of the Complaint is denied.

137    Paragraph 137 of the Complaint is denied.

138    Kerr-McGee Corporation admits that Ron Murphey is an employee of Kerr-McGee Chemical LLC.  The remaining allegations of paragraph 138 are denied.

139.    Paragraph 139 of the Complaint is denied.

140.    Paragraph 140 of the Complaint is denied.

## X.  REGULATORY DISREGARD

141.    Paragraph 141 of the Complaint is denied.

## XI.  ARBITRARY CONDUCT

142.    Paragraph 142 of the Complaint is denied.

143.    Paragraph 143 of the Complaint is denied.

144.    Paragraph 144 of the Complaint is denied.

145.    Paragraph 145 of the Complaint is denied.

## XII.  WANTON DISREGARD FOR THE PUBLIC

146.    Paragraph 146 of the Complaint is denied.

147.    Paragraph 147 of the Complaint is denied.

148.    Paragraph 148 of the Complaint is denied.

## XIII.  COUNT ONE

### Negligence

148.    Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-148 as if pleaded separately herein.

149.    Paragraph 149 of the Complaint is denied.

150.    Paragraph 150 of the Complaint is denied.

151.    Paragraph 151 of the Complaint is denied.

## XIV.  COUNT TWO

### Gross Negligence

152.   Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-151 as if pleaded separately herein.

153.   Paragraph 153 of the Complaint is denied.

154.   Paragraph 154 of the Complaint is denied.

## XV.  COUNT THREE

### Negligence per se

155.   Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-154 as if pleaded separately herein.

156.   Paragraph 156 of the Complaint is denied.

157.   Paragraph 157 of the Complaint is denied.

158.   Paragraph 158 of the Complaint is denied.

## XVI.  COUNT FOUR

### Intentional Tort

159.   Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-158 as if pleaded separately herein.

160.   Paragraph 160 of the Complaint is denied.

161.   Paragraph 161 of the Complaint is denied.

162.   Paragraph 162 of the Complaint is denied.

163.   Paragraph 163 of the Complaint is denied.

164.   Paragraph 164 of the Complaint is denied.

8

## XVII.  COUNT FIVE

### Conspiracy

165.   Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-164 as if pleaded separately herein.

166.   Paragraph 166 of the Complaint is denied.

167.   Paragraph 167 of the Complaint is denied.

168.   Paragraph 168 of the Complaint is denied.

169.   Paragraph 169 of the Complaint is denied.

170.   Paragraph 170 of the Complaint is denied.

171.   Paragraph 171 of the Complaint is denied.

172.   Paragraph 172 of the Complaint is denied.

## XVIII.  COUNT SIX

### Public Nuisance

173.   Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-172 as if pleaded separately herein.

174.   Paragraph 174 of the Complaint is denied.

175.   Paragraph 175 of the Complaint is denied.

176.   Paragraph 176 of the Complaint is denied.

177.   Paragraph 177 of the Complaint is denied.

## XIX.  COUNT SEVEN

### Private Nuisance

178.    Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-177 as if pleaded separately herein.

179.    Paragraph 179 of the Complaint is denied.

180.    Paragraph 180 of the Complaint is denied.

## XX.  COUNT EIGHT

### Strict Liability

181.    Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-180 as if pleaded separately herein.

182.    Paragraph 182 of the Complaint is denied.

183.    Paragraph 183 of the Complaint is denied.

184.    Paragraph 184 of the Complaint is denied.

185.    Paragraph 185 of the Complaint is denied.

## XXI.  COUNT NINE

### Failure to Warn

186.    Kerr-McGee Corporation adopts and hereby incorporates by reference each and every defense and averment contained in its responses to paragraphs 1-185 as if pleaded separately herein.

187.    Paragraph 187 of the Complaint is denied.

188.    Paragraph 188 of the Complaint is denied.

189.    Paragraph 189 of the Complaint is denied.

190.   Paragraph 190 of the Complaint is denied.

191.   Paragraph 191 of the Complaint is denied.

## XXII. COUNT TEN

### Failure to Use Alternate Processes

192.   Paragraph 192 of the Complaint is denied.

193.   Paragraph 193 of the Complaint is denied.

The allegations of the unnumbered paragraph beginning "WHEREFORE, PREMISES CONSIDERED" are denied, and Kerr-McGee Corporation denies that plaintiffs are entitled to the relief prayed for or any relief whatever.

Kerr-McGee Corporation denies all allegations not specifically admitted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

One or more of the plaintiffs' claims are barred by the applicable statutes of limitations and/or statutes of repose.

### FOURTH DEFENSE

The plaintiffs' claims are barred by the doctrines of laches and unclean hands.

### FIFTH DEFENSE

The plaintiffs' claims are barred by the doctrine of assumption of the risk.

### SIXTH DEFENSE

By their actions, one or more of the plaintiffs are barred from asserting their claims by the doctrines of waiver and estoppel.

11

## SEVENTH DEFENSE

The plaintiffs' claims are barred in whole or in part by the prior nuisance and prior trespass doctrines.

## EIGHTH DEFENSE

The plaintiffs have not joined the party/parties at fault for their alleged injuries. Kerr McGee Corporation reserves its rights at trial to seek an allocation of fault to and contribution from such party/parties.

## NINTH DEFENSE

The claims for punitive damages are barred:

(a)    By the Eighth Amendment of the United States Constitution, Section 28 of the Mississippi Constitution;

(b)    By the Fifth and Fourteenth Amendments of the United States Constitution prohibiting substantive and procedural due process violations, as well as by Section 14 of the Mississippi Constitution;

(c)    By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection of the laws;

(d)    By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and Sections 14, 17, 26 and 28 of the Constitution of the State of Mississippi to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; and

(e)    By the provisions of Miss. Code Ann §11-1-65.

## TENTH DEFENSE

Some or all of plaintiffs' claims are barred by the intra-corporate conspiracy doctrine.

## ELEVENTH DEFENSE

The plaintiffs failed to mitigate the damages, if any, resulting from the alleged acts or omissions of Kerr-McGee Corporation.

## TWELFTH DEFENSE

The plaintiffs' damage claims are barred in whole or in part by the doctrine of comparative negligence.

## THIRTEENTH DEFENSE

Some or all of the plaintiffs' claims are preempted by federal law.

## FOURTEENTH DEFENSE

Some or all of the plaintiffs' claims are preempted by rules or regulations issued pursuant to the authority of the United States of America and/or the State of Mississippi.

## FIFTEENTH DEFENSE

Some or all of the plaintiffs' injuries were caused by the intervening and/or superceding negligence of a third party.

## SIXTEENTH DEFENSE

Some or all of the plaintiffs' claims are barred by the state-of-the-art doctrine.

## SEVENTEENTH DEFENSE

The plaintiffs lack standing to assert some or all of the claims contained in their Complaint.

### EIGHTEENTH DEFENSE

Kerr-McGee Corporation has complied with all reporting requirements imposed by state or federal law and the counts of the plaintiffs' Complaint based on failure to warn or disclose information must therefore fail as a matter of law.

### NINETEENTH DEFENSE

Some or all of the plaintiffs' claims are barred by the coming to the nuisance theory.

### TWENTIETH DEFENSE

Some of all of the claims made by the plaintiffs are barred by Kerr-McGee Corporation's compliance with all applicable state and federal laws.

### TWENTY-FIRST DEFENSE

Some or all of the plaintiffs' claims are barred by their failure to exhaust administrative remedies.

### TWENTY-SECOND DEFENSE

Some or all of the plaintiffs' claims are or may be barred by prior releases tendered in satisfaction of claims.

### TWENTY-THIRD DEFENSE

Kerr-McGee Corporation invokes the benefits of Miss. Code Ann §85-5-7.

### TWENTY-FOURTH DEFENSE

Some or all of plaintiffs' claims are not ripe.

### TWENTY-FIFTH DEFENSE

Some or all of plaintiffs' claims are moot.

14

### TWENTY-SIXTH DEFENSE

Some or all of plaintiffs' claims are not amenable to judicial resolution because of the primary jurisdiction doctrine.

### TWENTY-SEVENTH DEFENSE

Some or all plaintiffs are not the real parties in interest as to some or all the damages alleged in the Complaint.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims must be reduced to the extent that plaintiffs have settled in the past or will settle in the future claims against others.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred by their failure to join indispensable parties and by failure to comply with the entire controversy doctrine.

### THIRTIETH DEFENSE

Kerr-McGee Corporation is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

### THIRTY-FIRST DEFENSE

Kerr-McGee Corporation asserts that the plaintiffs' private nuisance claim is barred by the Mississippi Right to Farm Statute, Miss. Code Ann. § 95-3-29.

### THIRTY-SECOND DEFENSE

In 2001, an entity named King Holdco, Inc., was formed and shortly thereafter changed its name to Kerr-McGee Holdco, Inc., which then changed its name to Kerr-McGee Corporation.  The entity formerly known,  prior to 2001, as Kerr-McGee Corporation has merged into Kerr-McGee

15

Chemical Worldwide LLC.  As such, Kerr-McGee Chemical Worldwide LLC is a necessary and indispensable party to any action attempting to impose liability on the basis of actions or omissions of the entity formerly known as Kerr-McGee Corporation, and Kerr-McGee Corporation is not a proper defendant in this case.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld to the extent they violate the holdings of the United States Supreme Court in BMW v. Gore, 116 S. Ct. 1589 (1996), Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 1210 S. Ct 1678 (2001), or State Farm v. Campbell, 124 S. Ct. 1513 (2003).

### THIRTY-FOURTH DEFENSE

The alleged damages, if any, of which plaintiffs complain were not proximately caused by or contributed to by any act or omission of Kerr-McGee Corporation or any person or entity for whom Kerr-McGee Corporation is legally responsible.  To the extent that plaintiffs suffer from any alleged injuries or damages, those alleged injuries or damages were caused solely by acts or omissions by plaintiffs and/or the acts or omissions of persons or entities other than Kerr-McGee Corporation and for whom Kerr-McGee Corporation is not legally responsible.

### THIRTY-FIFTH DEFENSE

Kerr-McGee Corporation neither knew nor should have known that any of the products or substantives to which plaintiffs were allegedly exposed were hazardous or constitute a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific and/or industrial knowledge available to Kerr-McGee Corporation at all time relevant to the claims or causes of actions asserted by plaintiffs.

16

### THIRTY-SIXTH DEFENSE

Kerr-McGee Corporation invokes the benefits of Mississippi's tort reform legislation passed in 2002 and 2004.

### THIRTY-SEVENTH DEFENSE

The plaintiffs' Complaint is general in nature and provides limited information upon which Kerr-McGee Corporation can assess the parameters or merits of plaintiffs' claims against Kerr-McGee Corporation. Accordingly, Kerr-McGee Corporation reserves the right to assert any and all affirmative defenses which investigation and discovery may hereinafter reveal to be appropriate.

### THIRTY-EIGHTH DEFENSE

Kerr-McGee Corporation asserts the affirmative defense of lack of personal jurisdiction.

### THIRTY-NINTH DEFENSE

Kerr-McGee Corporation cannot be held liable, vicariously or otherwise, for the alleged tortuous actions or omissions of Kerr-McGee Chemical LLC or any other alleged past or present, direct or indirect subsidiary of Kerr-McGee Corporation. The Complaint fails to state allegations which, if proved, would provide a basis for disregarding the individual character of the relevant corporate entities, and no such basis in fact exists. Kerr-McGee Corporation and Kerr-McGee Chemical LLC are separate and distinct business entities. These entities have not misused their corporate forms and there is no basis for holding these separate entities responsible for the liabilities or obligations of another.

### FORTIETH DEFENSE

The complaint fails to plead fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

## **FORTY-FIRST DEFENSE**

The plaintiffs' claims are improperly joined,  they do not satisfy the requirements of Federal

Rule of Civil Procedure 20 and the joinder of plaintiffs' claims is unfairly prejudicial to Kerr-McGee

Corporation and denies Kerr-McGee Corporation its rights to due process as guaranteed by the

United States Constitution and Constitution of Mississippi.

Dated this the _____ day of November, 2004.

KERR-MCGEE CORPORATION, DEFENDANT

By: _____

One of the Attorneys for Defendant
Kerr-McGee Corporation

OF COUNSEL:

Christopher A. Shapley, Esq., MSB # 6733
Robert L. Gibbs, Esq., MSB # 4816
William Trey Jones, III, Esq., MSB # 99185
Brunini, Grantham, Grower & Hewes, PLLC
248 East Capitol Street
Post Office Box 119
Jackson, MS 39205-0119
(601) 948-3101 (phone)
(601) 960-6902 (facsimile)

## CERTIFICATE OF SERVICE

I, Trey Jones, hereby certify that I have this day caused to be mailed by United States mail,

postage prepaid, a true and correct copy of the above and foregoing to:

Orlando R. Richmond, Sr., Esq.
Chynee Allen, Esq.
Richmond Simon & Abston
P.O. Box 8599
Columbus, MS 39705

Anthony R. Simon, Esq.
Willie T. Abston, Esq.
Richmond Simon & Abston
P.O. Box 749
Jackson, MS 39205

W. Howard Gunn, Esq.
W. HOWARD GUNN & ASSOCIATES
113½ W. Commerce Street
P.O. Box 157
Aberdeen, MS 39730

John Crump, Esq.
P.O. Box 1362
Tupelo, MS 38802

William L. Bambach, Esq.
P.O. Box 131
Columbus, MS 39703

Edwin A. Flint, Jr., Esq.
221 5th Street North
Columbus, MS 39701

Shirley Byers, Esq.
Wilbur Colom, Esq.
The Colom Law Firm
P.O. Box 866
Columbus, MS 39703-0866

William C. Cunningham, Esq.
P.O. Box 624
Columbus, MS 39703

19

Christopher D. Hemphill, Esq.
Dunn, Webb & Hemphill
P.O. Box 1426
Columbus, MS  39703

Lorenzo Williams, Esq.
P.O. Box 3390
Fort Pierce, FL  34948-3390

Lana K. Alcorn, Esq.
John M. Johnson, Esq.
William S. Cox, Esq.
Philip M. Bridwell, Esq.
LIGHTFOOT, FRANKLIN & WHITE
The Clark Building
400 20th Street North
Birmingham, AL  35203-3200

J. Gordon Flowers, Esq.
Marc D. Amos, Esq.
Scott F. Singley, Esq.
GHOLSON, HICKS & NICHOLS
P.O. Box 1111
Columbus, MS  39703-1111

THIS, the 5th day of November, 2004.

Trey Jones