FILED

MAR 31 2005

ARLEN B. COYLE, CLERK
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PERCY WHITFIELD, ET AL.                                                    PLAINTIFFS

V.                                                     LEAD CASE NO. 1:03CV287-D-A

KERR-MCGEE CORPORATION, ET AL.                                             DEFENDANTS

CONSOLIDATED WITH

CHARLENE BUCKNER, ET AL.                                                   PLAINTIFFS

V.                                                     LEAD CASE NO. 1:03CV332-D-A

KERR MCGEE CORPORATION, ET AL                                              DEFENDANTS

## RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

The Plaintiffs, by and through undersigned counsel and pursuant to the court's order, responds to the Defendants' Motion for Order to Show Cause and state the following, to-wit:

1. On March 17, 2005, the court entered an order for the Plaintiffs to show cause why they had not abided by the court's case management order entered on October 19, 2004. The order derived from the Defendants' Motion for Show Cause Order alleging Plaintiffs' Non-Compliance with the Case Management Order. The motion was filed on February 25, 2005, and alleged that the Plaintiffs "failed to provide any of the information on personal injury or property damage as required under Paragraph 4 of Judge Alexander's Case Management Order entered on October 19, 2004". (See said motion in the court's file at pp. 1-2. The court entered an Order to Show Cause on March 17, 2005.)

2. At all times mentioned in the aforementioned paragraphs, the Plaintiffs' disclosures were filed with the clerk, and in the record for this court. See Exhibits "1" - "3",

attached hereto and made a part as if typed fully herein.

3.   The Plaintiffs of undersigned counsel abided by the court's order and provided the Defendants with adequate required information in a timely fashion pursuant to paragraph 4 of the Case Management Order. See Exhibit "4" (the 60-day disclosure), Exhibit "5" (the 90-day disclosure), and Exhibit "6" (the 120-day disclosure) attached hereto and made a part as if typed fully herein.[1] Further, the Plaintiffs timely filed their initial disclosures pursuant to the Federal Rules of Civil Procedure and Uniform Local Rules.[2] See Exhibit "7", attached hereto and made a part as if typed fully herein.

4.   The Defendants never contacted the Plaintiffs concerning their alleged inadequacy of the subject disclosures before filing the subject motion. After their motion was filed, on March 10, 2005, defense counsel wrote Plaintiffs' counsel for the first time to set out in an outline the same concerns in their motion. See Exhibit "8" attached hereto and made a part as if typed fully herein.

5.   As a result of the Defendants' March 10, 2005, letter, Plaintiffs' counsel responded and addressed the same concerns on March 11, 2005. See Exhibit "9", attached hereto and made a part as if typed fully herein. In response, the Defendants wrote Plaintiffs two (2) letters. See Exhibits "10" and "11", attached hereto and made a part as if typed fully herein.  The Defendants requested that Plaintiffs agree to an Order of Dismissal with Prejudice. But, the Plaintiffs do not agree.

---

[1] The changes/amendments/corrections have be undertaken, which reflect the concerns raised by the Defendants in Exhibit "8", *supra*.

[2] The Defendants did not raise any objections to the Plaintiffs' initial disclosure in the Motion for Order to Show Cause. However, the court addresses the issue in its order.

6. Plaintiffs' counsel is in the process of simultaneously filing supplemental disclosures in an attempt to satisfy the Defendants' request.

7. Paragraph 4 (C)(3), of the Case Management Order provides that "the form authorization shall be provided by the Defendants, agreed upon by the parties, and provided to counsel for the plaintiffs for execution by each individual plaintiff." The Defendants allege to have faxed copies of medical releases to undersigned counsel. See Exhibit "12", attached hereto. Plaintiffs' counsel never received, via facsimiles or United States mail any medical or any other type of releases for the Plaintiffs to execute. See Exhibits "12" and "13", attached hereto and made a part as if typed fully herein. It was the Defendants' failure to abide by paragraph 4 of the Case Management Order, which prevented the Plaintiffs' compliance. The Plaintiff should not be penalized for failing to execute a medical release form, which Defendant did not provide.

Furthermore, even if Plaintiffs had received the documents by facsimile on October 29, 2005, the Defendants still have not provided the proper form for execution. The forms are not particular to the Plaintiffs. That is, Plaintiffs' counsel could not provide a blank medical release because it would not have been HIPPA compliant. The form was not addressed to the proper medical provider, there was no election on HIV and/or substance abuse information, and the form indicated that it was for a "John Doe". Additionally, the Case Management Order provided that the forms were to state that the medical providers are to send the records to Plaintiffs' counsel, who has the opportunity to review the records within 40 days for purposes of redaction before releasing them to the Defendants. However, the blank forms provided in the October 29, 2005, facsimile stated the records should be mailed and/or delivered to Defendants' counsel

8. The Plaintiffs' counsel complied with the *Federal Rules of Civil Procedure* and Uniform Local Rules regarding initial disclosures, and the terms of paragraph 4 of the Case Management Order. Further, the Plaintiffs are in the process of supplementing the disclosures in accord with Rule 26, of the *Federal Rules of Civil Procedure*. The supplementation is not prejudicial to the Defendants.

9. The only failure of the Plaintiffs to abide by paragraph 4 of the Case Management Order is derived from the Defendants not providing the necessary proper release documents for the Plaintiffs to execute. Therefore, the Plaintiffs' should not be penalized for actions of the opposing counsel.

10. In light of the foregoing, the Defendants' assertions of non compliance with paragraph 4 of the Case Management Order are untrue and without merit. It appears that the Defendants merely are dissatisfied with the disclosures provided. Hence, a motion for order to show cause and a ruling on the same is misplaced. Furthermore, a dismissal of the Plaintiffs' claims would be unduly harsh.

**WHEREFORE**, the Plaintiffs for the undersigned counsel request that the court find they complied with the *Federal Rules of Civil Procedure* and Uniform Local Rules regarding initial disclosures and the terms of paragraph 4 of the Case Management Order. Further, the Plaintiffs request that the claims for the Plaintiffs not be dismissed. Alternatively, the Plaintiffs request that if the court finds that the Plaintiffs have not responded sufficiently in their disclosures, that they be allowed to supplement the same, and that additional time be allowed for such.


Respectfully submitted,

*[signature]*

SHIRLEY C. BYERS (MSB # 8344)

**OF COUNSEL:**

Wilbur O. Colom
THE COLOM LAW FIRM, LLC
P. O. Box 866
Columbus, MS 39703-0866
Telephone:  662/327-0903
Facsimile:   662/329-4832

William L. Bambach, Esq.
P. O. Box 1313
Columbus, MS 39703-1313

Edwin A. Flint, Jr., Esq.
221 5th Street North
Columbus, MS 39701

Christopher Hemphill, Esq.
DUNN, WEBB & HEMPHILL
P. O. Drawer 1426
Columbus, MS 39703-1426

## CERTIFICATE OF SERVICE

I, Shirley C. Byers, one of the Attorneys for the Plaintiffs, do hereby certify that a copy of the foregoing document was served upon the following counsel, via United States mail, postage prepaid, addressed to the following:

John Johnson
Lana K. Alcorn
LIGHTFOOT, FRANKLIN, & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200

J. Gordon Flowers
GHOLSON, HICKS, & NICHOLS
P.O. Box 1111
Columbus, MS 39703-1111

Christopher A. Shapley
W. Trey Jones III
BRUNINI, GRANTHAM, GROWER, & HEWES
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

John Crump
P. O. Box 1362
Tupelo, MS 38802-1362

Orlando R. Richmond, Sr.
Chynee Allen
RICHMOND, SIMON & ABSTON
P. O. Box 8599
Columbus, MS 39705-8599

W. Howard Gunn
P. O. Box 157
Aberdeen, MS 39730-0157

William C. Cunningham
P. O. Box 624
Columbus, MS 39703-0624

This 31st day of March 2005.

_____
Shirley C. Byers

G:\CLG\Pleadings\Response to Order to Show Cause 2.wpd